UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BERTHA M. GARRETT-WOODBERRY					PLAINTIFF

v.							CIVIL ACTION NO. 3:07cv4 DPJ-JCS

MISSISSIPPI BOARD OF PHARMACY ET AL.				DEFENDANTS

MEMORANDUM OPINION AND ORDER

This employment discrimination case is before the Court on the motion of Defendants Mississippi Board of Pharmacy, Leland McDivitt, and Frank Gammill for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has responded in opposition, conceding her claims against McDivitt and Gammill, her claims under 42 U.S.C. § 1981 and § 1983, her claims for intentional and negligent infliction of emotional distress, and her claim for punitive damages. The only remaining claims are those under Title VII and the Mississippi Whistleblower Act. Having considered the memoranda and submissions of the parties, along with the pertinent authorities, the Court finds that Defendants' motion for summary judgment on the Title VII claims should be granted, and Plaintiff's state law whistleblower claim should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3) (2006).

I.	Facts

Plaintiff Bertha M. Garrett-Woodberry ("Woodberry") began her employment with the Mississippi State Board of Pharmacy ("Board") in 1999. The Board was established by statute as a state agency, and there is no dispute that at all time periods relevant to this suit, it employed less than fifteen employees. The salient issue before the Court is whether the Board employs enough workers to satisfy the statutory minimum for "employer" status under Title VII.

1

**II.     Analysis**

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

   A.     Title VII Claims

Title VII of the Civil Rights Act of 1964 prohibits discrimination by an "employer" on the basis of "race, color, religion, sex or national origin."  42 U.S.C. § 2000e-2(a) (2003).  Title VII defines an "employer" as "a person engaged in an industry affecting commerce *who has fifteen or more employees* for each working day in each of twenty or more calendar weeks in the current or preceding year."  *Id.* § 2000e (emphasis added).  A "person" is defined as including "one or more individuals, governments, governmental agencies, [and] political subdivisions."  *Id.*  There is no dispute that the Board, standing alone, lacks sufficient numbers to constitute a statutory "employer" under Title VII.  The question is whether the Court should aggregate the Board's employees with those of all other state agencies.

In their arguments regarding aggregation, both Plaintiff and Defendants apply variations of the "single employer" test found in *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983).  The four-part *Trevino* test involves consideration of (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control.  701 F.2d at 404.  The critical question is "what entity made the final decisions

regarding the employment matters related to the person claiming discrimination?" *Id.* Although the Fifth Circuit Court of Appeals often utilizes this test to determine whether an employer meets Title VII's fifteen-employee threshold requirement, *see, e.g.*, *Guillory v. Rainbow Chrysler Dodge Jeep, LLC*, 158 F. App'x 536, 537–38 (5th Cir. 2005), the Court finds that it has no application in the context of this case.

In *Dumas v. Town of Mount Vernon, Alabama*, the Fifth Circuit Court of Appeals declined to apply the "single employer" theory to governmental subdivisions. 612 F.2d 974, 980 n.9 (5th Cir. 1980). This ruling was later explained in *Trevino*:

> Although we declined to apply the integrated enterprise standard in *Dumas* . . . , that case is readily distinguishable on its facts. Plaintiffs in *Dumas* sought under the four-part standard to integrate the Town of Mt. Vernon with either the county, or the state. As articulated, the standard is not readily applicable to governmental subdivisions, for it was developed by the National Labor Relations Board to determine whether consolidation of separate *private* corporations is proper in determining the relevant employer for purposes of enforcing the National Labor Relations Act.

701 F.2d at 404 n.10 (internal quotations and citation omitted). A subsequent per curiam opinion from the Fifth Circuit held that the reasoning for the *Dumas* "governmental subdivision" caveat to the "single employer" doctrine applied with equal force to the "joint employer" theory because the "core analysis of these two inquires are virtually identical." *Karagounis v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 168 F.3d 485, 1999 WL 25015, at *2 (5th Cir. 1999) (unpublished table decision).

Although *Dumas* and *Karagounis* dealt with political subdivisions, whereas the Board is a state agency, the cases are analogous. First, as noted in *Trevino*, the test developed by the National Labor Relations Board to determine whether employees of private corporations should

be consolidated is not readily applicable to political subdivisions. 701 F.2d at 404 n.10. State agencies, which operate by statute within their respective areas of responsibility, are equally dissimilar and are not susceptible to the same policy considerations as private corporations.

Second, *Dumas* and *Karagounis* looked beyond the state/political subdivision level. In *Dumas*, the Fifth Circuit refused to apply a "single employer" analysis to aggregate the employees of the town of Mount Vernon, the state of Alabama, the county's personnel board, "or all three." 612 F.2d at 980 n.9. In *Karagounis*, the court refused to engage in a "single employer" or "joint employer" analysis as between the University of Texas Health Science Center at San Antonio and the Bexar County Hospital District d/b/a/ University Hospital. In other words, *Dumas* and *Karagounis* apply not only to the vertical relationship between the state and its political subdivisions, but also to the relationships between the other governmental entities in those cases.

Finally, the Fifth Circuit used more general language regarding the governmental subdivision caveat in *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337 (5th Cir. 2007). In that case, the court contemplated whether a non-profit, fund-raising corporation should be considered as an integrated entity with a governmental hospital authority. Although the court examined the *Trevino* test and found no integrated entity, it further observed, "[O]ur prior case law suggests that a government employer, such as RHA, may not be considered part of an integrated enterprise under the *Trevino* framework." 476 F.3d at 344. Accordingly, this Court finds that the single/integrated and joint employer aggregation theories are not applicable to the present case.

Even assuming that *Trevino* should apply to these governmental entities, the result would be no different. First, there is no interrelation of operations. *Trevino*, 701 F.2d at 404. The record evidence demonstrates that the Board makes autonomous decisions concerning its employees, including hiring, transfers, promotions, discipline, and discharges. The Board maintains the personnel records on its employees, including leave requests and time records. And, by statute, no other agency performs the Board's function. In these regards, the evidence demonstrates a lack of interrelation of operations. *See Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir. 1997) (noting in the corporate context that "[a]ttention to detail, not general oversight, is the hallmark of interrelated operations") (citations and internal quotations omitted).

Second, there is no proof of centralized control of labor relations. *Trevino*, 701 F.2d at 404. This is the key question, *id.*, and the record evidence reflects that the Board unilaterally made all relevant decisions with respect to Plaintiff's employment. Plaintiff contests this point, noting that she filed grievances with the State Personnel Board.[1] Plaintiff's grievances do not equate to centralized control of labor relations. Plaintiff filed complaints with many state and federal entities. And, significantly, Plaintiff has not directed the Court's attention to any evidence suggesting that the State Personnel Board actually made any of the Board's labor decisions, including the disputed decisions regarding Plaintiff's employment. *Cf. Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 344 (5th Cir. 2005); *see also Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 617 (5th Cir. 1999); *Martin v. Maselle & Assocs., Inc.*, No.

---

[1]In *Dumas*, the plaintiff sued both the city that refused to hire her and the county's personnel board, which screened applicants for the city and made hiring recommendations. 612 F.2d at 976. Although the court reversed an order dismissing Title VII claims against the county personnel board, it nonetheless refused to aggregate employees of the city and employees of the county to meet Title VII's fifteen-employee minimum. *Id.* at 980.

3:06cv55, 2007 WL 1975118, at *8 (S.D. Miss. July 2, 2007).

Finally, issues of common management, ownership, or financial control do not tip the scales in favor of aggregation. *Trevino*, 701 F.2d at 404. The Court rejects Plaintiff's argument that the Board's enacting statutes establish single or joint employer status. Plaintiff's arguments are akin to those regarding common ownership or management in the private sector.[2] Here, the Board prepares its own budget, operates its own budget, maintains a separate bank account, and operates without assistance from the state on funds the Board collects in the form of fees, licenses, and fines. Still, even assuming common ownership or management, the mere existence of such facts does not, without more, justify aggregation. *Lusk*, 129 F.3d at 778.

In sum, the Board controlled every aspect of Plaintiff's employment, and its employees should not be aggregated with other state employees for purposes of meeting Title VII's fifteen-employee jurisdictional requirement. Consequently, the Board does not constitute an employer under Title VII, and Defendants' motion for summary judgment is granted as to Plaintiff's Title VII claims.

    B.    <u>Mississippi Whistleblower Act Claim</u>

Plaintiff's remaining claim is brought pursuant to state law. A district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having done so, this Court finds that the state law claim should be dismissed in light of judicial economy, convenience, fairness, and comity. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (cited in *Parker & Parsley Petro. Co.*

---

[2] Admittedly, this analysis is strained. As the Fifth Circuit observed in *Trevino*, the single/integrated employer test was designed for the private, corporate context; thus, its application to governmental entities is imprecise.

*v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)).  Plaintiff's remaining cause of action is premised on a Mississippi statute, the relevant portions of which have not been explored by Mississippi courts.  "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  *Id.*  Accordingly, Plaintiff's state law claim for violation of the Mississippi Whistleblower Act is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**III.    Conclusion**

The Court has considered and rejected the remaining arguments raised in the parties' submissions.  Accordingly, for the reasons stated herein, the Court grants Defendants' motion for summary judgment as to all of Plaintiff's claims except her Mississippi Whistleblower Act claim, which is dismissed without prejudice pursuant to 28 U.S.C. §1367(c)(3).

**SO ORDERED AND ADJUDGED** this the 27th day of March, 2008.

>                             s/ *Daniel P. Jordan III*
>                             UNITED STATES DISTRICT JUDGE